RAWLS, Judge
(concurring in part and ■dissenting in part).
I am in accord with that part of the majority’s opinion which holds that the subject ■marketing order is unreasonable in its ■application to Sullivan. However, I cannot ■agree to that part of the opinion which liolds that Sullivan is not a producer.
It is significant that Sullivan did not press his challenge to the entire marketing ■order as exceeding the authority granted by statute nor his challenge to the constitutionality of the statute. As the chancellor astutely noted, Sullivan was even eager “to forget the alleged constitutional invalidity ■of the statute if he can he one of the chosen few who come within the small class protected.”
Under the limited issues urged on appeal I am forced to agree with the chancellor. Section 573.04(5) defines “producer” as “any person engaged within this state in a •proprietary capacity in the business of producing, or causing to be produced, any ■celery * * * for market.” [Emphasis supplied.] This subsection was abrogated “by the marketing order definition to mean ■only those persons so engaged in the year 1960-61. The learned chancellor held that ■where the statutory definition is not sufficiently specific to be capable of practical application, the Commissioner, under his authority to promulgate rules and regulations necessary for the enforcement and regulation of the law, may supplement same provided the regulation is reasonable, not .arbitrary or discriminatory. The statutory -use of the past tense “engaged” indicated previous production of celery but was indefinite as to period of time and/therefore, subject to administrative regulation which is authorized by Section 573.22, Florida Statutes, F.S.A. The chancellor determined that the one season selected was arbitrary and unreasonable particularly in view of the fact that for the purpose of fixing quotas for producers, the Commissioner was authorized to determine a “representative” period of time, and in doing so set “the two seasons of his highest production during the three seasons 1958-59, 1959-60 and 1960-61.”[1] The chancellor then reasoned, “If’ a three year period is to be the representative period of time for determining the amount of allotment to each producer, there is no good reason why the same period of time should not be used in determining those who are producers and, therefore, entitled to allotments.”
The majority opinion concludes that the chancellor erred in holding that Stdlivan is a producer, but that the Commissioner should revise his marketing order in such a way as to make it reasonable in its application to Sullivan. Under the marketing order as promulgated, Sullivan is either a “producer” or a “new producer.” If the Commissioner’s order under which it was found that Sullivan was a new producer is unreasonable and arbitrary in its application to him, then it must be that the Commissioner was erroneous in defining a producer. Seemingly, the majority opinion is directing the Commissioner to define Sullivan as half producer and half new producer, or promulgate some other form of order. This, in my opinion, constitutes a promulgation of a new marketing order by the court.
Assuming that the marketing order is otherwise valid, I agree with the chancellor in his conclusion that if the three year period is a “representative” period of time for purposes of determining quotas for producers, something less than a repre *124 sentative period would be arbitrary and discriminatory in determining who are producers.
I would affirm.

. The Marketing Order provides: “The base quantity for each producer shall be the average of the number of crates of celery he shipped in the two seasons of his highest production during the three seasons 1958-59, 1959-60 and 1960-61.”